Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5221 | **DATE** | 2/10/2003 |
| **CASE TITLE** | Johnson vs. Jung, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's partial motion to dismiss [6-1] is granted in part and denied in part. Plaintiff is given leave to replead in accordance with this opinion. Status hearing of 2/11/03 is reset to 3/18/03 at 9:30 a.m. Ruling date of 2/11/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 11 2003 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/10/2003 | |
| | | 03 FEB 10 PM 4: 3 | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 1 1 2003

MERDELIN V. JOHNSON, )
)
    Plaintiff, )
)
vs. ) No. 02 C 5221
) Judge Joan H. Lefkow
ALEXANDRA JUNG and )
GENERAL BOARD OF PENSION AND )
HEALTH BENEFITS, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff, Merdelin V. Johnson, alleges under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*, against her employer, General Board of Pension and Health Benefits of The United Methodist Church ("General"), and her supervisor, Alexandra Jung ("Jung"), discrimination based on her national origin (Jamaican/West Indian), race ("black"), and religion (non-Methodist[1]) and failure to accommodate her religion. Further, plaintiff alleges discrimination under 42 U.S.C. § 1981 on the basis of national origin and race. Plaintiff also alleges failure to accommodate an unidentified medical condition, which the court construes as being brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Defendants move to partially dismiss

---

[1] The charge asserts that discrimination was based on not being a Methodist. The complaint makes one reference to plaintiff being a Christian but does not directly allege that she was discriminated against because of her Christian faith. The context suggests that the environment was Methodist, thus Christian, so the court infers that plaintiff is alleging discrimination as a non-Methodist.

1

plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted. Although plaintiff did not file a response brief, the court may rule on the motion pursuant to Local Rule 78.3.[2] For the reasons set forth below, the court grants in part and denies in part the motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). Further, when a plaintiff is proceeding *pro se*, the court liberally construes the complaint. *Kyle* v. *Patterson*, 196 F.3d 695, 697 (7th Cir. 1999).

## DISCUSSION

In brief, plaintiff alleges that she was employed by General from March, 1998 to June 1999 in the Accounts Receivable Department and thereafter in the position of team member in

---

[2]Local Rule 78.3 provides in pertinent part,

Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing.

2

the Benefits Determination Department. She alleges that beginning in 1998 and on specific occasions thereafter she applied for positions within General and was always turned down in favor of others outside her protected group(s) who were less qualified. She also alleges discrimination in opportunities for training; a racially hostile work environment based on negative and derogatory statements made to her during the course of her employment; and retaliation in that after she complained about discrimination, she was told complaining about discrimination would impair her chance of promotion and her supervisor gave her less favorable performance ratings than he previously had. Plaintiff further alleges that in June, 1999, defendants failed to restructure her work station to accommodate an unspecified medical condition. Further details will be addressed within the analysis sections below.

**A.     Timeliness Of Claims**

With respect to plaintiff's Title VII and ADA claims, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 28, 2001. (Compl. ¶ 7.) In Illinois, "[a] plaintiff . . . must file a charge of discrimination with the EEOC or equivalent state agency within 300 days after the 'alleged unlawful employment practice.'" *Sharp* v. *United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001), quoting 42 U.S.C. § 2000e-5(e)(1); *see* 42 U.S.C. § 12117 (for ADA charge). In general, this means that any discriminatory act that occurred more than 300 days before the charge was filed (here, before March 3, 2001) is not grounds for liability. A time barred discriminatory act, however, may form a part of an actionable Title VII (or ADA) claim if the plaintiff can show the act is part of a continuing violation. In brief, a continuing violation occurs (1) "when an employer makes employment decisions over time that make it difficult for the employee to

determine the actual date of discrimination." *Tinner* v. *United Ins. Co. of Am.*, 308 F.3d 697, 707-08 (7th Cir. 2002), *pet. for cert. filed* Jan. 8, 2003.[3] Thus, acts leading to a discriminatory decision are actionable until "the employee knew or should have known that he or she was discriminated against." *Stewart* v. *CPC Intern., Inc.*, 679 F.2d 117, 120 (7th Cir. 1982).

Here, plaintiff's allegations that she was denied promotion at any time before March 3, 2001, are time barred under Title VII.[4] (Compl. Attach. ¶¶ 3, 5-6, 8-10, 17-19, 21); *see National R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, __, 122 S. Ct. 2061, 2072-73 (2002) (stating "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. * * * Discrete acts such as . . . failure to promote . . . are easy to identify.")[5]; *Jagielski* v. *Chicago Statler Chicago Hilton Hotel*, No. 00 C 1324, 2002 WL 27626, at *2 (N.D. Ill. Jan. 10, 2002) (dismissing Title VII and § 1981 failure to promote claims because they were discrete acts which fell outside of the limitations period). The court, therefore, dismisses the complaint insofar as it seeks recovery for denial of promotions prior to March 3,

---

[3] In *Tinner*, the court reiterated the continuing violation doctrine as follows: a continuing violation occurs (1) "when an employer makes employment decisions over time that make it difficult for the employee to determine the actual date of discrimination," or (2) (although not applicable here) "when the employer has an express discriminatory policy" (such as a mandatory retirement age that continues to be applied over a period of time, in which instance an employee may file a charge as long as the policy is applicable to her). 308 F.3d 707-08.

[4] Plaintiff alleges that defendant failed to promote her on ten separate occasions, namely, (1) for writer in the Communications Department in 1998 (Compl. Attach ¶ 3), (2) for manager of the Accounts Receivable Department in May 1999 (Compl. Attach. ¶¶ 5-6), (3) for team leader in May 1999 (Compl. Attach. ¶¶ 8-10), (4) for a position in the Communications Department in November 1999 (Compl. Attach. ¶ 21), (5) for trainer in the Human Resources Department in 2001 (Compl. Attach. ¶¶ 17-18), (6) for a position in the Corporate Relations Department in 2001 (Compl. Attach. ¶ 19), (7) for team leader in Benefits Determination in 2001 (Compl. Attach. ¶¶ 23-25), (8) for benefit educator in the Communications Department in 2002 (Compl. Attach. ¶ 13), (9) for research assistant in the Strategic Relations Department in 2002 (Compl. Attach. ¶¶ 14-16), and (10) for plan sponsor manager in February 2002 (Compl. Attach. ¶¶ 27-29).

[5] In *Tinner*, the court explained that the Supreme Court in *National R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, __, 122 S. Ct. 2061, 2070-73 (2002), determined that "a plaintiff who feels discriminated against by a discrete act, but fails to timely file charges on that act, cannot later reach back to those events when the statute of limitations expires in order to form a continuing violation claim." *Tinner*, 308 F.3d at 708.

2001.

Defendant further argues that plaintiff's various allegations of discrimination (exclusion from in-house training/home study time in August 1999, conference and phone coverage assignments in September 1999, a desk search which led to plaintiff making a complaint in October 1999, and plaintiff's being rebuffed when she suggested in December 1999 that General open an internal investigation of discrimination) are discrete acts, which are also time barred. In *Tinner*, drawing on *Filipovic v. K & R. Exp. Sys., Inc.*, 176 F. 3d 390, 396 (7th Cir. 1999), the court considered whether various discriminatory acts that occurred over a period of time were "related closely enough" to the acts occurring within the established time frame "to be considered one ongoing violation," *id.* at 396, or "linked together in a single chain." *Tinner*, 308 F. 3d at 708.[6] This entails a determination (a) whether the acts involve the same subject matter; (b) the frequency with which the acts occur; and (c) the degree of permanence of the alleged acts of discrimination that should trigger an employee's awareness and duty to assert his rights. *Tinner*, 308 F. 3d at 708, citing *Filipovic*, 176 F.3d at 396. The last of these acts occurred before March 3, 2001, and they are not linked in time (she makes no allegations of acts during 2000, for example that would link the 1999 conduct to post-March 3, 2001), type (these may at best be discrete examples of a discriminatory attitude by supervisors) or permanence to an act that occurred after March 3, 2001. For these reasons, any claim under Title VII based on these acts is time barred. (See Compl. Attach. ¶¶ 11-12, 20, 22.) This ruling applies as well to plaintiff's

---

[6]The court discerns (it hopes accurately) from the *Tinner* opinion that the court in the cited text was referring to criterion (1): whether the employer's decisions that occurred more than 300 days before the charge filing date would have permitted an employee to determine the actual date of the discrimination (or, on the other hand, whether the violation continued until the employee had reason to know of the discrimination).

5

claim that defendants failed to accommodate her medical condition in June, 1999.

Moreover, with respect to plaintiff's § 1981 claims, the statute of limitations is two years. *See Jones* v. *R.R. Donnelley & Sons Co.*, 305 F.3d 717, 728 (7th Cir. 2002). As such, any claims based on acts that occurred prior to July 23, 2000 (two years prior to when plaintiff filed her complaint) are time barred.

## B. Exhaustion Of Administrative Remedies

In general, Title VII claims in a complaint must rest on the facts presented in the EEOC charge, but "plaintiffs [may] proceed on claims not explicitly set forth in a charge of discrimination if the claim is like or reasonably related to the EEOC charge, and the claim in the complaint "reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters* v. *Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002); *see Cheek* v. *W. & S. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir. 1994) (internal quotations omitted). "'This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the *same individuals.*'" *Haugerud* v. *Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001), quoting *Cheek*, 31 F.3d at 501 (emphasis in original). The purpose behind this rule is to permit the EEOC to investigate these claims before the plaintiff files suit and to give the employer some warning of the unlawful conduct. *Cheek*, 31 F.3d at 500.

In her complaint, plaintiff alleges acts that occurred after she filed her EEOC charge on December 28, 2001. Specifically, she alleges that defendant failed to promote her on three occasions and gave her a poor performance evaluation. (See Compl. Attach. ¶¶ 13-16, 27-29, 35.) Defendant argues that these post-charge events must be dismissed for failure to exhaust

6

administrative remedies. There is supporting authority, however, that post-charge events that are like or reasonably related may be considered in a pending case. *Cf. Witherspoon v. Roadway Express, Inc.*, 782 F. Supp. 567 (D. Kan. 1992) (discriminatory termination claim which arose during pendency of administrative investigation of discriminatory promotion claim was not barred by failure to exhaust administrative remedies); *see also Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995) (discussing *Witherspoon* but determining that the plaintiff must still allege same conduct and individuals in the underlying EEOC charge). Here, at the very least, these acts may support plaintiff's retaliation claim. *See Aviles v. Cornell Forge Co.*, 183 F.3d 598, 606 (7th Cir. 1999) (ruling that "a plaintiff need not bring a separate EEOC charge in making a claim for retaliation[,]" citing *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989)). Thus, the court will allow plaintiff to allege these post-charge acts.

## C.     Religious Discrimination And Accommodation Claims

Defendants argue that plaintiff fails to plead her *prima facie* case for religious discrimination and accommodation. (See Compl.¶¶ 9, 12 and EEOC charge.) A Title VII plaintiff, however, to satisfy the notice pleading requirements under Rule 8, Fed. R. Civ. P., need not plead a *prima facie* case of discrimination (or accommodation). *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002). Nevertheless, the complaint makes no allegations of religious discrimination occurring after March 3, 2001, and the charge merely alleges discrimination ("not being a Methodist") as the basis for her claim. To the extent plaintiff seeks to advance a claim for failure to accommodate a religious belief, there is nothing in the charge or complaint about this claim. *See Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701-03 (7th Cir. 1999) (holding that the plaintiff alleged a religious discrimination claim but not a religious

7

accommodation claim in her EEOC charge and, therefore, she could not pursue her religious accommodation claim against the defendant). There is no basis in the charge or the complaint to support a claim for failure to accommodate a religious belief. The claim for religious discrimination, however, is dismissed without prejudice.

**D.     Jung's Individual Liability Under Title VII and § 1981**

Under Title VII, a defendant must be an employer to be liable. *See EEOC* v. *AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) (stating "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA."); *see also Williams* v. *Banning*, 72 F.3d 552, 554 (7th Cir. 1995) (applying *AIC Security Investigations, Ltd.* to Title VII claims). Under Title VII and the ADA, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b); see § 12111(5)(A). Jung does not meet the statutory definition of "employer." As such, the court dismisses the Title VII and ADA claims against Jung.

Furthermore, pursuant to § 1981, individual liability may only be found where the individual herself "participated in the alleged discrimination against the plaintiff." *Behnia* v. *Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997); *Daulo* v. *Commonwealth Edison*, 892 F. Supp. 1088, 1091 (N.D. Ill. 1995) ("Section 1981 liability against an individual demands personal involvement in discrimination."). Defendants concede the complaint sufficiently alleges individual liability against Jung on five separate occasions where defendants failed to

8

promote plaintiff, of which only three are not time barred.[7] Nonetheless, defendants argue, and the court agrees, that plaintiff does not allege Jung is individually liable for other acts of discrimination.[8] The court, therefore, will allow plaintiff to proceed against Jung with respect to the three promotion incidents.

## ORDER

Accordingly, for the reasons set forth above, defendants' partial motion to dismiss is granted in part and denied in part [#6]. Plaintiff is given leave to replead in accordance with this opinion. The clerk is directed to appoint counsel for plaintiff. A status hearing will be held on March 18, 2002, at 9:30 a.m., at which time a date for an amended pleading will be set.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 10, 2003

---

[7] These acts are (1) for manager of Accounts Receivable in May 1999 (Compl. Attach. ¶¶ 5-6), (2) for team leader in May 1999 (Compl. Attach. ¶¶ 8-10), (3) for team leader in Benefits Determination in 2001 (Compl. Attach. ¶¶ 23-25), (4) for trainer in Human Resources in 2001 (Compl. Attach. ¶¶ 17-18), and (5) for plan sponsor manager in February 2002 (Compl. Attach. ¶¶ 27-29).

[8] These acts are (1) plaintiff's exclusion from in-house training/home study time in August 1999 (Compl. Attach. ¶ 11), (2) the conference and phone coverage assignments in September 1999 (Compl. Attach ¶ 12), (3) a desk search in October 1999 (Compl. Attach ¶ 20), (4) plaintiff's attempts to open an internal investigation in December 1999 (Compl. Attach. ¶ 22), and (5) a negative performance evaluation in June 2002 (Compl. Attach. ¶ 35).