

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERDELIN V. JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Nos. 02 C 5221 |
| v. ) | 04 C 6158 |
| ) | (CONSOLIDATED) |
| ALEXANDRA JUNG AND GENERAL ) | |
| BOARD OF PENSION & HEALTH ) | |
| BENEFITS OF THE UNITED ) | Judge Anderson |
| METHODIST CHURCH, ) | Magistrate Judge Cole |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The case arises out of Ms. Johnson's claim alleging that she was discriminated against by the defendants due to her race, ethnicity, and national origin. On March 9, 2007 Ms. Johnson filed a Motion to Compel seeking a response to Interrogatory No. 4 to Plaintiff's First Request Of Interrogatories:

> "4. Please identify all internal and external (EEOC's) complaints but not limited to sexual harassment. For each complaint, please state each act and the resolution thereof. Please also indicate the name of each employee that a complaint was filed against.
>
> **ANSWER:** Defendant objects to Interrogatory Number 4 as being overly broad, irrelevant, and not likely to lead to the discovery of relevant or admissible evidence, to the extent that it seeks information pertaining to complaints made against individuals other than Jimmie Jackson. Defendant also objects to Interrogatory Number 4 as being overly broad, irrelevant, and not likely to lead to the discovery of relevant or admissible evidence, to the extent it seeks to identify complaints other than sex harassment complaints. Defendant states that it received no other internal or external complaint of sexual harassment by Mr. Jackson at any time."

The Motion to Compel on the issue of sexual harassment complaints has already been denied. *See* Defendant's exhibit 2. The question presented here relates to the objection to identifying other complaints of discrimination. For the reasons below, plaintiff's Motion to Compel is denied.

Under Rule 26(b)(1), parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Districts courts have "vast discretion in supervising discovery." *Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006) (collecting cases). Discovery should be specifically molded to the particular issues of the case. *See Davis v. Precoat Metals*, 2002 U.S. Dist. LEXIS 13851, *7 (N.D. Ill. 2002).

Interrogatories seeking disclosure of every conceivable type of discrimination ever made against a defendant are generally deemed overly broad and impermissible. *See Sallis v. University of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005) (a request for all complaints of discrimination deemed overly broad); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985) (since the plaintiff's allegations only cover race and age discrimination and never mention sex discrimination, that inquiries into sex discrimination are "irrelevant"); 6 James Wm. Moore et al., Moore's Federal Practice § 26.46[7][a] (3d ed. 2007).

Thus, in *Davis*, the plaintiffs alleged that they were discriminated against because of their race and national origin. In granting the plaintiffs motion to compel, the court stressed that the plaintiffs did not "seek discovery related to all alleged unequal employment practices…rather, the plaintiffs have limited their discovery requests to complaints alleging race and national origin discrimination." Ms. Johnson's interrogatory could not be more oceanic. It asked for *all* alleged unequal employment practices, which, of necessity would include ADA claims, sexual orientation

claims, age claims, sex discrimination claims, and every other imaginable practice that could be deemed an "unequal employment practice.".

Interrogatory Number 4 is also temporally overbroad. Interrogatories must be limited to the "time frame involving the alleged discriminatory conduct." *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 619 (D.D.C. 1983); *see also Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 55 (D. Conn. 2005) (a request for production going back twenty years is overly burdensome); *Holley v. Pansophic Sys. Inc.* 1993 W.L. 394764, *6 (N.D. Ill. 1993) (requests beyond approximately three years not reasonable). Here, Ms. Johnson's inquiry is temporally unlimited.

Despite these deficiencies, Ms. Johnson argues that granting her motion would "strengthen" an employee's will to file a complaint. (*Response*, at 2). Nothing supports this conclusion beyond Ms. Johnson's utterance. Moreover, judges are not clairvoyant and they cannot crawl into other people's minds. Posner, Overcoming Law, 276 (1995). Thus, Ms. Johnson's *ipse dixit* must be rejected. Beyond its unacceptability, Ms. Johnson's policy argument would effectively negate the Rule 26's requirement of relevancy as a precondition to discovery. Judges, to be sure, do and must legislate, but they can do so only interstitially, as Holmes famously observed in his dissent in *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 221 (1917). Ms. Johnson's argument, if accepted, would result in a reconfiguration of Rule 26 that is simply not permitted.

Beyond this, many courts have held that supplying the discrimination claims of other employees will discourage future complaints of discrimination because the names of the people filing would be available to other companies and to other employees. *See e.g. Prouty v. Nat'l R.R. Passenger Corp.*, 99 F.R.D. 551, 553 (D.D.C. 1983); *Guruwaya v. Montgomery Ward, Inc.*, 119 F.R.D. 36, 39 (N.D. Calif. 1988).

Plaintiff's Motion to Compel Answers to Interrogatory Number 4 [144] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 6/14/07