IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERDELIN V. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  02 C 5221 |
| | ) | 04 C 6158 |
| v. | ) | (CONSOLIDATED) |
| | ) | |
| GENERAL BOARD OF PENSION AND HEALTH BENEFITS OF THE UNITED METHODIST CHURCH, | ) ) ) ) | Hon. Judge Charles R. Norgle Sr. |
| | ) | Magistrate Judge Jeffrey Cole |
| Defendant | ) ) | |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Defendant General Board of Pension and Health Benefits of the United Methodist Church ("General Board"), by its attorneys, respectfully renews its requests that this Court enter judgment as a matter of law in favor of the General Board at the close of all of the evidence for the following reasons:

A. There is no evidence that the individuals who made the 2001 promotion decision knew of a complaint of discrimination by Plaintiff at the time of the decision. *Poer v. Astrue*, 606 F.3d 433, 440 (7th Cir. 2010) (holding that decision-maker's lack of knowledge generally bars a retaliation claim).

B. There is no causal connection between any complaint of discrimination by Plaintiff and the 2001 or 2003 promotion decisions. *Mellenthin v. SBC-Ameritech*, No. 05 C 3688, 2008 WL 4442590, at *9 (N.D. Ill. Sept. 29, 2008) ("[I]t is well established that temporal proximity, standing alone, is almost always insufficient to show a 'causal connection.'"); *Anderson v. The Foster Group*, 521 F. Supp. 2d 758, 788-89 (N.D. Ill. 2007) (holding that

employee was not terminated in response to his protected activity because termination was more plausibly explained by employee's own insubordination).

   C. There is no evidence of any other materially adverse action that would discourage a reasonable person from complaining of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) ("[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse . . . ."); *De la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681, 685-686 (7th Cir. 2008) (holding that employer's recording of unauthorized absences was not materially adverse); *Ribando v. United Airlines*, 200 F.3d 507, 511 (7th Cir. 1999) (holding that employer's placement of letter in employee's personnel file was not materially adverse); *Trimble v. Alliance-DeKalb/Rock-Tenn Co.*, No. 10 C 5489, 2011 WL 3510862, at *8 (N.D. Ill. Aug. 9, 2011) (finding that alleged excessive monitoring of an employee did not constitute retaliation where "she has presented no evidence pertaining to how being subjected to 'more scrutiny than usual' harmed her—or would harm a reasonable employee in her situation—in any way."); *Kindle v. Waukegan Comm. Unit Sch. Dist. 60*, No. 07-C-4643, 2009 WL 4043384, at *5 (N.D. Ill. Nov. 19, 2009) ("Reprimands and letters placed in an employee's personnel file with no accompanying disciplinary action, demotion, or loss of pay do not constitute 'materially adverse action' under Title VII or section 1981."); *Weigel v. J.W. Hicks, Inc.*, No. 3:05-CV-735, 2007 WL 2076033, at *8-9 (N.D. Ind. Jul. 18, 2007) (holding that employer's close monitoring of employee's work was not a materially adverse action).

   D. In any event, there is no causal connection between any complaint of discrimination by the Plaintiff and any asserted materially adverse action. *Pugh v. City Of Attica, Ind.*, 259 F.3d 619, 630 (7th Cir. 2001) (holding that employee's protected activity was not a "substantial or motivating factor" in the decision to terminate him, but rather termination

was done in response to employee's misappropriation of funds); *Contreras v. Suncast Corp.*, 237 F.3d 756, 740 (7th Cir. 2001) (holding that employee's termination was done in response to his unexcused absences and insubordination).

  E. Additionally, there is no evidence of any harm to the Plaintiff. Under Seventh Circuit precedent, a claim for retaliation must prove "some action on the employer's part that causes [the employee] to suffer a real harm." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 902 (7th Cir. 2003); *see also Schobert v. Ill. Dep't of Transp.*, 304 F.3d 725, 734 (7th Cir. 2002) (holding that a retaliation claim "requires a showing of harm"). For example, in one case, the Seventh Circuit held as a matter of law that "unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729-30 (7th Cir. 2001). Applying this rule, the court held that the plaintiff was not harmed by a manager's criticism of her absenteeism and negative comments about the department the employee supervised. *Id.* In another case, the Seventh Circuit held that the plaintiff had suffered no real harm where the employer gave him a negative performance evaluation containing "a laundry list of complaints" about his work, failed to provide him a back brace after he suffered a work-related injury, and enforced against him a pre-existing rule that certain prescription medicines could not be taken during work. *Johnson*, 325 F.3d at 902.

WHEREFORE, for these reasons, Defendant respectfully requests this Court to grant this motion and enter judgment as a matter of law at the close of all of the evidence in its favor.

Dated: December 13, 2011    Respectfully Submitted,

GENERAL BOARD OF PENSION & HEALTH BENEFITS OF THE UNITED METHODIST CHURCH, INCORPORATED IN ILLINOIS

By:     s/ Carla J. Rozycki
    Carla J. Rozycki,
    One of Its Attorneys

## **CERTIFICATE OF SERVICE**

    I, Carla J. Rozycki, an attorney, hereby certify that I caused copies of the foregoing Defendant's Renewed Motion for Judgment as a Matter of Law to be handed to the Court and to Plaintiff Merdelin V. Johnson on December 13, 2011.

                                                  s/ Carla J. Rozycki
                                                    Carla J. Rozycki

Carla J. Rozycki (02409526)
Emma J. Sullivan (6269456)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350