# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MERDELIN V. JOHNSON, | ) | |
| | ) | 02 C 5221 |
| Plaintiff, | ) | 04 C 6158 |
| | ) | (Consolidated) |
| v. | ) | |
| | ) | |
| GENERAL BOARD OF PENSION AND | ) | |
| HEALTH BENEFITS OF THE UNITED | ) | |
| METHODIST CHURCH, | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is *pro se* Plaintiff Merdelin Johnson's ("Johnson") Motion for

Judgment as a Matter of Law or in the Alternative, Motion to Set Aside Verdict and

Judgment or Motion for a New Trial ("Plaintiff's Motion"). Plaintiff's Motion arises

from a December 15, 2011 jury verdict on two claims of retaliation. For the following

reasons, Plaintiff's Motion is denied.

## I. BACKGROUND

In 2002, Johnson, a black woman of Jamaican origin, brought this lawsuit pursuant

to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and 42 U.S.C.

§ 1981. Johnson alleged that her former employer, the General Board of Pension and

Health Benefits of the United Methodist Church ("General Board") and its managing

director, Alexandra Jung ("Jung"), failed to promote her because of her race and national

origin, retaliated against her based upon complaints of such discrimination, and unfairly

discharged her. In 2004, Johnson sued the General Board and various individual

defendants alleging sexual harassment. The cases were consolidated and nearly all of

Johnson's claims were dismissed on motions to dismiss or on summary judgment.[1] By the time the case went to trial in December of 2011, only two claims of retaliation against the General Board remained: (1) that the General Board failed to promote Johnson to a Team Leader position in March 2001 because she had previously complained of discrimination both within the General Board and to the EEOC and (2) that the General Board again failed to promote her to a Team Leader position in January 2003, also because she previously complained of discrimination both internally and to the EEOC.

These two retaliation claims were tried to a jury over seven days in December 2011. On December 15, 2011, the jury found in favor of the General Board on both claims and the Court entered final judgment in favor of the General Board. Johnson now moves for judgment as a matter of law pursuant to Rule 50(b) or, in the alternative, to set aside the verdict pursuant to Rule 60(b) and for a new trial pursuant to Rule 59(a).

## II. DISCUSSION

### A. Johnson's Motion for Judgment as a Matter of Law Pursuant to Rule 50(b)

A Rule 50(b) motion should be granted only if, "on the basis of the admissible evidence, no rational jury could have found for the prevailing party." Bogan v. City of Chi., 644 F.3d 563, 572 (7th Cir. 2011). In assessing a motion under Rule 50(b), courts view the evidence and all reasonable inferences in the light most favorable to the party who prevailed under the verdict and do not make credibility determinations, draw inferences from the facts, or weigh the evidence. Id. "[The] inquiry is limited to the question whether the evidence presented, combined with all reasonable inferences

---

[1] Five district judges have presided over this case since it was filed in 2002. Originally assigned to Judge Lefkow's calendar, the case was reassigned to Judge Manning in April 2005, to Judge Plunkett in June 2006, to Judge Andersen in July 2006 and, after Judge Andersen retired, to this Court in October 2010.

permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed." Wallace v. McGlothan, 606 F.3d 410, 418 (7th Cir. 2010) (quotation omitted). Courts in employment discrimination cases are to be "particularly careful . . . to avoid supplanting [their] view of the credibility or weight of the evidence for that of . . . the jury." Emmel v. Coca-Cola Bottling Co. of Chi., 95 F.3d 627, 630 (7th Cir. 1996) (quotation omitted).

Johnson argues that the evidence at trial was insufficient to support a verdict in favor of the General Board.[2] This argument fails on both procedural and substantive grounds. Procedurally, Johnson's Rule 50(b) motion is barred because she failed to make a Rule 50(a) motion before the case was submitted to the jury. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury."); see also Wallace, 606 F.3d at 418; Prod. Specialties Grp., Inc. v. Minsor Sys., Inc., 513 F.3d 695, 699 (7th Cir. 2008).

Even if Johnson's Rule 50(b) motion was not procedurally barred, she fails to establish that a reasonable jury would have lacked a sufficient evidentiary basis to find for the General Board. To the contrary, there was sufficient evidence presented at trial that (1) Johnson was not selected for promotion because she lacked the necessary interpersonal and leadership skills, not because she filed complaints, and (2) Johnson's complaints of discrimination were not a factor in the General Board's decision to promote other candidates. For example, Jung, the general manager, testified that she did

---

[2] In support of her Rule 50 argument, Johnson also states that "[t]he evidence adduced at the time of trial in this action so overwhelming favored the General Board that reasonable jurors could arrive only at a verdict in the General Board's favor." Pl.'s Mot. 2. The Court considers this to be a misstatement and does not construe it against Johnson.

not know about Johnson's complaints at the time she made the decision not to promote her in 2001. Jung further testified that Johnson was not promoted because she lacked the interpersonal and leadership skills necessary for the position, explaining that Johnson was at times irrational, inconsistent, and argumentative with her supervisors.[3] Johnson examined Jung at length, both as an adverse witness and on cross examination. It was for the jury to assess Jung's credibility and affix the proper weight, if any, to her testimony. Given the testimony at trial, there was sufficient evidence in the record from which a rational jury could find in favor of the General Board. Johnson's Rule 50(b) motion is procedurally and substantively deficient and is therefore denied.

**B. Johnson's Motion to Set Aside Verdict Pursuant to Rule 60(b)**

Johnson next argues that the verdict should be set aside pursuant to Rule 60(b). Johnson asserts that "[m]anipulative tactics which violate the spirit of fairness were used at every turn" and claims she was "prevented from presenting her case or upholding her most fundamental constitutional rights." Pl.'s Mem. of Law in Supp. of Pl.'s Mot. 4 [hereinafter Pl.'s Mem.]. She further claims that witnesses testified falsely regarding when they learned of her complaints of discrimination and that the Court "deprived Johnson of the ability to effectively impeached Ms. Jung with her deposition testimony . . . and improperly interrupted Ms. Jung testimony." Id. at 4-5. The Court construes Johnson's motion as seeking relief under Rule 60(b)(3) and/or (6).

---

[3] In her reply brief, Johnson argues that the General Board's Rule 50(b) argument is "undermined" because another General Board employee was promoted despite poor interpersonal skills. Because this argument is raised for the first time in the reply brief, it is waived. Mendez v. Perla Dental, 646 F.3d 420, 423-24 (7th Cir. 2011). Furthermore, the emails attached in support of this argument, see Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. Ex. A, are stricken because they were not admitted into evidence.

"Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) (citation omitted). Rule 60(b)(3) provides that a court may relieve a party from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." Wickens v. Shell Oil Co., 620 F.3d 747, 758-59 (7th Cir. 2010) (quotation omitted). A party seeking to set aside a judgment under Rule 60(b)(3) must prove fraud by clear and convincing evidence. Id. at 759. Rule 60(b)(6), the "catchall" provision of Rule 60(b), Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 2009), permits courts to relieve parties of judgments for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). "Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances justifying the reopening of a final judgment." Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006) (internal quotation marks and citations omitted).

Johnson's assertion that witnesses "testified falsely" does not give rise to Rule 60(b)'s extraordinary relief. Johnson had the opportunity to and did in fact attempt to impeach the General Board's witnesses, leaving it to the jury to affix the appropriate weight to their testimony.

Johnson's claim that the Court improperly interrupted Jung's testimony also falls short. Johnson questioned Jung as an adverse witness and again on cross examination. The General Board correctly observes that the Court only intervened after Johnson

repeatedly asked the same questions and became argumentative. "A district judge is free to interject during a direct or cross-examination to clarify an issue, to require an attorney to lay a foundation, or to encourage an examining attorney to get to the point." United States v. Washington, 417 F.3d 780, 784 (7th Cir. 2005) (citing Fed. R. Evid. 614(b)); see also United States v. Levine, 180 F.3d 869, 872 (7th Cir. 1999) ("Interference with cross examination in these circumstances is fully justified; a judge is entitled to keep the trial moving and confine examination to relevant issues."); Fed. R. Evid. 611(a) ("The Court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time . . . [and] protect witnesses from harassment or undue embarrassment."). For these reasons, Johnson's motion for relief pursuant to Rule 60(b) is denied.

## C. Johnson's Motion for a New Trial Pursuant to Rule 59(a)

In the alternative, Johnson seeks a new trial pursuant to Rule 59(a). Rule 59(a)(1)(A) provides that, after a jury trial, a court may grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The Court has discretion to order a new trial for any of the following reasons: (1) the verdict was against the weight of the evidence; (2) the damage award was excessive; or (3) for other reasons, the trial was not fair to the party bringing the motion. See Kapelanski v. Johnson, 390 F.3d 525, 530 (7th Cir. 2004). Courts will not "set aside a jury verdict if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury." Id. "A verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury'

could have rendered the verdict." Moore ex rel. Estate of Grady v. Tuelja, 546 F.3d 423, 427 (7th Cir. 2008) (citation omitted). "Jury verdicts deserve particular deference in cases with simple issues but highly disputed facts." Id. (quotation omitted).

### 1. Sufficiency of the Evidence under Rule 59

Johnson first argues that she is entitled to a new trial because the Jury verdict was against the "clear weight of the evidence." Pl.'s Mem. 5-6. Johnson relies on the same arguments set forth in her Rule 50(b) motion and, in her reply, asserts that "[t]here was no evidence to sustain the jury's verdict in favor of the General Board." Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. 4 [hereinafter Pl.'s Reply]. Johnson's argument is without merit. As set forth above, there was sufficient evidence presented at trial that (1) Johnson was not selected for promotion because she lacked the necessary interpersonal and leadership skills, not because she filed complaints, and (2) Johnson's complaints of discrimination were not a factor in the General Board's decision to promote other candidates. In light of this record, Johnson has not established that "no rational jury" could have rendered the verdict. Johnson's motion for a new trial because the verdict was against the clear weight of the evidence is denied.

### 2. Erroneous Evidentiary Rulings

Johnson asserts that several evidentiary rulings, both admissions and exclusions, entitle her to a new trial. To obtain a new trial based on an erroneous evidentiary ruling, the movant must show that the ruling affected "a substantial right of the party." Fed. R. Evid. 103(a)(2). Where the alleged error occurred during trial, the Court "will grant a new trial only if the error had a substantial influence over the jury, and the result reached was inconsistent with substantial justice." EEOC v. Mgmt. Hospitality of Racine, Inc.,

666 F.3d 422, 440 (7th Cir. 2012) (quotation omitted). "Evidentiary errors satisfy this standard only when a significant chance exists that they affected the outcome of the trial." Id. (quotation omitted); see also Alverio v. Sam's Warehouse Club, Inc., 253 F.3d 933, 942 (7th Cir. 2001) ("[E]ven if a judge's rulings are found to be erroneous, they may be deemed harmless if the record indicates that the end result of the trial would have remained unchanged."). "A party seeking a new trial based on a district court's alleged erroneous evidentiary rulings bears a 'heavy burden.'" BP Amoco Chem. Co. v. Flint Hills Res., LLC, 697 F. Supp. 2d 1001, 1025 (N.D. Ill. 2010) (quoting Alverio, 253 F.3d at 942). The Court addresses each of Johnson's evidentiary arguments below.

### a.  *Barbara Boigegrain's Deposition Testimony*

Johnson contends that the exclusion of General Board CEO Barbara Boigegrain ("Boigegrain") as a trial witness warrants a new trial because Boigegrain's testimony would have impacted the jury's assessment of Jung's intent and behavior. To the contrary, Boigegrain's testimony was properly excluded at a pretrial conference as having no probative value. Judge Andersen ruled that:

> With respect to the CEO, after studying her deposition, we don't see how she has any probative knowledge that would help us understand whether or not the failure to promote was retaliatory. . . . And I don't see that she has really good knowledge of the procedures or of your particular circumstances. So for now, unless something comes up during the trial that would make her opinion relevant, I cannot see having her testify.

Tr. of Pretrial Conf. Vol. 4, at 2 (June 8, 2010). Johnson fails to establish that this alleged error "affects a substantial right" and, even if she could establish error, the exclusion of Boigengrain's testimony was harmless in light of her limited knowledge of the facts relevant to this case. Johnson's motion for a new trial based on the exclusion of Boigegrain's testimony is denied.

### b.     General Board's Employment Handbook

Johnson claims that the exclusion of the General Board's employment handbook warrants a new trial because it "severely prejudiced" her ability to establish the "primary elements in this case." Pl.'s Mem. 7. Johnson's argument on this issue is perfunctory and undeveloped and the Court need not respond to it. See Harvey v. Town of Merrillville, 649 F.3d 526, 532 (7th Cir. 2011) (arguments that are perfunctory, undeveloped, or unsupported by authority are waived). In any event, it was Johnson, not the General Board, who moved to preclude admission of this exhibit in the first instance. See Order Regarding Pretial Issues ("*Plaintiff's* motion in limine D, to exclude defendant's exhibit no. 1, the General Board Employee Handbook produced during discovery, is denied.") (emphasis added). Finally, the exclusion of the handbook was harmless as it offered little, if any, probative value as to the General Board's reasons for not selecting Johnson for promotion. Johnson's motion for a new trial based on the exclusion of the General Board's employment handbook is denied.[4]

### c.     Gloria Taylor's and Gertrude Livernois's Deposition Testimony

Johnson argues that the Court erroneously allowed the General Board to introduce the deposition testimony of Gloria Taylor ("Taylor"). To the contrary, the General Board made timely deposition designations for Taylor, see Joint Am. Final Pretial Order, and notified Johnson prior to trial of its inability to serve Taylor with a subpoena, see Def.'s Resp. to Pl.'s Mot Ex. 1. Further, the General Board properly established that Taylor was

---

[4] Johnson asserts in her reply brief that, in addition to the employment handbook, she also sought to introduce the General Board's Managers' Manual to establish that the General Board deviated from its own policy. Because this argument is raised for the first time in the reply brief, it is waived. Mendez, 646 F.3d at 423-24.

unavailable as a witness pursuant to Federal Rule of Evidence 804(a). The Court did not err in allowing the General Board to introduce Taylor's deposition testimony.

Nor did the Court err in precluding Johnson from introducing unspecified portions of Taylor's testimony. Johnson was precluded from introducing the deposition testimony because she failed to make deposition designations. See Tome Engenharia E. Transportes, Ltda v. Malki, No. 94 C 7427, 2003 WL 21372466, at *4 (N.D. Ill. June 12, 2003) (holding that deposition transcripts "may not be offered at trial" when a party, in defiance of a pretrial order, fails to "provide page and line deposition designations"). Finally, as the General Board correctly explains, the exclusion of Taylor's deposition testimony was harmless. Among other things, Johnson introduced exhibits and testified to the incidents involving Taylor. Johnson's motion for a new trial based on Taylor's deposition testimony is denied.

Johnson also contends that the Court erroneously barred her from reading portions of human resource director Gertrude Livernois's ("Livernois") testimony. On November 30, 2011, counsel for the General Board informed Johnson that, "[w]e will not be calling Gertrude Livernois to testify at trial, as she is unavailable. We won't know if we will offer any deposition designations until you close your case." Pl.'s Mot. Ex. D. When Johnson sought to offer Livernois's deposition testimony at trial, the Court barred it because Johnson failed to make deposition designations. See Malki, 2003 WL 21372466, at *4. The General Board did not attempt to introduce Livernois' deposition testimony. In any event, the exclusion of Livernois's unspecified testimony was harmless. Johnson's motion for a new trial based on this exclusion is denied.

#### d.   *Supplemental Exhibits*

Johnson argues that the exclusion of her supplemental exhibits, PX 484-502, warrants a new trial. Johnson claims that these exhibits would have supported her claims that an employee, Shelia Owens, was promoted by Jung despite having "documented performance issues with interpersonal skills and communication." Pl.'s Mem. 8. The General Board argues that these exhibits were properly excluded because they were not included in the Amended Final Pretrial Order or in the binders of trial exhibits that Johnson provided to the General Board on December 5, 2011. Johnson does not dispute that these documents were not attached to the Amended Final Pretrial Order. Instead, she argues that they should have been admitted because they were part of a previous pretrial order submitted to Judge Andersen in June 2010. Id. 8-9.

"[A] trial court may properly exclude evidence or theories not raised in a pretrial order absent an abuse of discretion." Gorlikowski v. Tolbert, 52 F.3d 1439, 1444 n.3 (7th Cir. 1995); see also Saunders v. City of Chi, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (barring party from "introducing any exhibits not listed in the final pretrial order"). "The determination as to whether or not parties should be held to pretrial orders is a matter for the discretion of district court judges." Hotaling v. Chubb Sovereign Life Ins. Co., 241 F.3d 572, 578 (7th Cir. 2001) (quotation omitted); see also Gorlikowski, 52 F.3d at 1444 ("The trial court's decision concerning the modification or enforcement of a pretrial order is reviewed for an abuse of discretion."). It was the final pretrial order, not previous drafts, that limited the evidence and issues to be presented at trial in this case. See Order Regarding Pretrial Issues 6 ("Exhibits in the *Final* Pretrial Order and supplements thereto to which the parties did not object may be admitted into evidence at trial." (emphasis

added)). There is no dispute that Johnson's supplemental exhibits were not listed in the Amended Final Pretrial Order and the Court has discretion to enforce that order and exclude them. Therefore, Johnson's motion for a new trial based on the exclusion of her supplemental exhibits is denied.

### e. Counseling Records

Johnson argues that, by barring her counseling records – a social worker's notes and testimony of Johnson's alleged conversations with a chaplain – the jury was denied the opportunity to hear evidence in support of compensatory damages, thus warranting a new trial. The Court's rulings were not erroneous. Johnson did not call the social worker or the chaplain as witnesses and she did not argue at trial that the social worker's notes or her conversations with the chaplain qualify under a hearsay exception. Further, she now argues that the social worker's notes should be admitted as self-authenticating under Rule 902. Johnson did not raise this argument at the time of the ruling and it is therefore waived. Stephens v. Miller, 13 F.3d 998, 1008 n.5 (7th Cir. 1994). In any event, any error was harmless because the counseling records were offered for purposes of compensatory damages, an issue that never reached the jury in light of the verdict in favor of the General Board. Johnson's motion for a new trial based on the exclusion of counseling records is denied.

### f. Self-Evaluations and Personal Opinions

Johnson seeks a new trial based on the Court's exclusion of documents containing her self-evaluations and personal opinions, including a document that she authored entitled "Response to my Review for Period 1/1/02 thru 5/31/02." Pl.'s Mot. Ex. H. The document includes statements such as, "I completed a very high number of work items,"

"I know I have performed beyond average," "I believe I have been deliberately excluded from projects," and "I'll continue to do my job well and that is: giving a 110%." Id. The final line reads, "Please attach to Review and forward with 15 attachments to Human Resources to be placed in my file." Id.

Johnson's assertion that this and other self-evaluation documents were erroneously excluded is without merit. Her self-evaluations and responses to performance reviews were properly excluded as hearsay. Further, "a plaintiff's own opinions about [her] work performance or qualifications do not sufficiently cast doubt on the legitimacy of [her] employer's proffered reasons for its employment actions.'" Brown v. Ill. Dept. of Natural Res., 499 F.3d 675, 684 (7th Cir 2007) (quoting Millbrook v. IBP, Inc., 280 F.3d 1169, 1181 (7th Cir. 2002)); see also A. B. Leach & Co. v. Peirson, 275 U.S. 120, 128 (1927) (Holmes, J.) ("A man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove. He does not make the letter evidence by sending it to the party against whom he wishes to prove the facts."). Johnson provides no basis upon which to admit these documents and, even if she did, their exclusion was harmless in light of their limited probative value. Multiple General Board witnesses testified that they did not consider Johnson's self-evaluations in making the decision not to select her for the two promotions at issue. Johnson's motion for a new trial based on the exclusion of self-evaluations and performance review responses is denied.

### g. *Training Exhibits*

Johnson claims that the Court erred by excluding a series of emails that "would show Helen Exarhakos testimony as false when she testified that she asked Plaintiff to conduct power of attorney training after December 2002 . . . ." Pl.'s Mem. 10. In support,

Johnson attaches six pages of email communication, only two of which contain communications with Helen Exarhakos ("Exarhakos") about power of attorney training. See Pl.'s Mot. Ex. I.[5]  The General Board notes that one of the emails, MJ 1319, was not included in Johnson's trial exhibits and the other, MJ 1340, was offered and received as part of Johnson's Exhibit 221.  In any event, the exclusion of these one sentence emails was harmless in light of their limited probative value.  Johnson's motion for a new trial based on the exclusion of exhibits related to power of attorney training is denied.

### h.    *Co-Worker and Customer Comments*

Johnson contends that the Court erroneously excluded exhibits containing "employees and customers' comments."  Pl.'s Mem. 10.  This assertion is without merit. The opinions of co-workers and other non-decision making third parties, such as customers, were properly excluded as irrelevant.  See, e.g., Van v. Peters, No. 08 C 4718, 2010 WL 2609646, at *5 (N.D. Ill. June 24, 2010) ("[T]he statements of two coworkers who stated they believe [plaintiff] can perform at the Grade 13 level is not enough to support her failure to promote claim as 'isolated comments by co-workers regarding a plaintiff's abilities' are not relevant to the issue of an employer's knowledge or reasoning in making promotion decisions." (quoting Rabinovitz v. Pena, 89 F.3d 482, 487 (7th Cir. 1996))); see also Sirvidas v. Commonwealth Edison Co., 60 F.3d 375, 378 (7th Cir. 1995); Campbell v. Univ. of Akron, 211 F. App'x 333, 347 (6th Cir. 2006).  Further, in light of the limited probative value of this evidence, any error was harmless.  Johnson's

---

[5] The first email, labeled MJ 1319, is from Exarhakos to Andrew Boyer, with Johnson appearing in the "cc" field.  It reads, "Andy, Could you please help Merdelin with the POAs?  I will have Darcel train Debbie Johnson. Thanks, Helen."  Pl.'s Mot. Ex. I.  The second email, labeled MJ 1340, is from Exarhakos to fifteen individuals, including Johnson.  It reads, "[t]he following will be the assignments for POAs: Andy: A-L [;] Merdelin M-Z[.]  Thanks, Helen."  Id.

motion for a new trial based on the exclusion of co-worker and customer comments is denied.

### i.   Call Recordings

Johnson contends that the exhibits "relating to the General Board's illegal recording of Johnson's personal telephone calls in respect to compensatory and punitive damages and the conduct of the Defendant, should have been accepted by the Court." Pl.'s Mem. 11. To the contrary, this evidence was properly excluded in the pretrial order:

> There is no evidence that Plaintiff was treated any differently than any other employees with respect to the General Board's recording of employee telephone calls, and the call recording issue is not relevant to Plaintiff's remaining claims. As explained during the pretrial conference, Plaintiff is precluded from introducing evidence at trial regarding the recording of personal telephone calls, and her motion for reconsideration on this issue is denied.

Order Regarding Pretrial Issues 5-6; see also Tr. of Pretrial Conf. Vol. 4, at 2-3 (June 8, 2010). Johnson's motion for a new trial based on the exclusion of exhibits relating to the General Board's recording of personal telephone calls is denied.

### j.   Dismissed Promotion Claims

Johnson contends that the exclusion of testimony regarding "the positions she had applied for but did not receive . . . spelt doomed to her case." Pl.'s Mot. 5. To the contrary, Johnson was properly precluded from testifying about these previous promotion decisions because those issues were previously dismissed from this case and Johnson has failed to establish that testimony regarding those decisions was relevant to this trial. See Capuano v. Consol. Graphics, Inc., No. 06 C 5924, 2007 WL 2688421, at *5-6 (N.D. Ill. Sep. 7, 2007); see also Kaplan v. City of Chi., No. 99 C 1758, 2005 WL 1026574, at *4 (N.D. Ill Apr. 22, 2005) (barring plaintiff from presenting evidence from previously

dismissed retaliation claims).  In any event, the exclusion of this evidence was harmless –
it was not relevant to the two promotion decisions at issue and its admission would likely
have confused the jury and been prejudicial.  Johnson's motion for a new trial based on
the exclusion of testimony regarding promotion decisions that were previously dismissed
from the case is denied.

### k.    *Judicial Bias*

Johnson claims that the Court was "inherently bias[ed]" towards her, warranting a
new trial.  Pl.'s Mot. 3.  "Federal judges have wide discretion to determine the role that
they will play during the course of a trial."  Washington, 417 F.3d at 783.  As set forth
above, a district judge is "free to interject during a direct or cross-examination to clarify
an issue, to require an attorney to lay a foundation, or to encourage an examining attorney
to get to the point."  Id. at 784.  A judge must not, however, "assume the role of an
advocate for either side."  United States v. Martin, 189 F.3d 547, 553 (7th Cir. 1999).
When seeking a new trial based on judicial bias, the movant must show that the judge's
conduct "so impair[ed] the lawyer's credibility in the eyes of the jury as to deprive the
client of a fair trial."  Chlopek v. Federal Ins. Co., 499 F.3d 692, 703 (7th Cir. 2007).
"[J]udicial remarks during the course of a trial that are critical or disapproving of, or even
hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality
challenge."  Liteky v. United States, 510 U.S. 540, 555 (1994).

Johnson asserts judicial bias because: (1) her requests for "at least three side-bars"
were denied whereas the General Board's requests were generally granted; (2) her request
to have her sister, a non-lawyer who was previously listed as a witness, act as her trial
"assistant" was denied, whereas the General Board was allowed "to have a person who

was not an attorney put exhibits on the Elmo"; (3) the Court made "derogatory remarks" in the presence of the jury; (4) the Court accepted Judge Andersen's pretrial rulings and rejected Johnson's efforts to clarify those rulings; (5) the Court did not inform Johnson of her right to appeal; (6) the case was moved to trial "quickly rather than moving forward on the merit[s]." Pl.'s Mot. 3-4. Johnson's assertions do not support a bias or partiality challenge.

First, with respect to denial of sidebar requests, "it is clear that a party is not automatically entitled to a sidebar, as the Court has discretion to manage the proceedings before it." Washington v. Ill. Dept. of Revenue, No. 01-3300, 2006 WL 2873437, at *2 (C.D. Ill. Oct. 5, 2006). If Johnson wished to raise the issue outside the presence of the jury, "she could have done so at a break in the trial, or through a motion in limine." Id. Johnson has not established that the denial of a sidebar request interfered with the proper presentation of trial testimony.

Second, Johnson's contention that she was improperly denied the assistance of her non-attorney sister is without merit. The Court's decision not to allow Johnson's sister to act as her trial assistant is well within its "broad discretion to manage trials." United States v. Wingate, 128 F.3d 1157, 1161 (7th Cir. 1997); see also United States v. Winbush, 580 F.3d 503, 508 (7th Cir. 2009) ("It is well settled that issues of trial management are left to the district judge, and we intervene only when it is apparent that the judge has acted unreasonably. The occasions for intervention are rare.") (internal quotation omitted). Further, Johnson fails to show that this denial deprived her of a fair trial.

Third, Johnson's contention that the Court made "derogatory remarks" is without merit. Johnson contends that when she "testified that she wished she did not have to be at court, the Court remark centered on her being the Plaintiff." Pl.'s Mot. 4. Johnson's testimony suggested to the jury that the General Board had initiated this case. The Court's remark was not derogatory but rather was an attempt to clarify for the jury that Johnson, not the General Board, was the plaintiff in the case.

Fourth, the Court properly considered and agreed with the pretrial rulings by retired Judge Andersen. The law of the case doctrine requires so much. See Brengettcy v. Horton, 423 F.3d 674, 680 (7th Cir. 2005) ("[T]he law of the case doctrine in these circumstances reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.") (quoting Best v. Shell Oil Co., 107 F.3d 544, 546 (7th Cir. 1997)).

Fifth, unlike in criminal cases, there is no requirement in civil cases that the judge provide notice of appellant rights on the record. See, e.g., Slaughter v. United States Marshal's Serv., No. 89 C 2386, 1989 WL 85015, at *1 (N.D. Ill. July 21, 1989) ("[A] judge is required to inform a defendant of his or her right to appeal only in criminal cases pursuant to Rule 32(a) of the Federal Rules of Criminal Procedure; a similar right does not exist in civil cases."). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a), if Johnson wishes to appeal, she must file a notice of appeal with the district clerk within thirty days after entry of the judgment or order appealed from.

Sixth, Johnson's claim of bias because the case moved "quickly" to trial is inaccurate and without merit. This case has been pending since 2002, has been presided over by five district judges, and was previously scheduled for trial in June 2010, a date that was

continued upon Johnson's request. This case did not move quickly to trial and any claim of bias on this basis is rejected. In any event, any alleged bias was harmless. See Liteky, 510 U.S. at 555; Chlopek, 499 F.3d at 702-03. For these reasons, Johnson's motion for a new trial because the Court was "inherently bias[ed]" is denied.[6]

### I. Remaining Arguments

The Court has reviewed Johnson's remaining evidentiary arguments and concludes that they are without merit.

### 3. Jury Instructions and Verdict Form

Finally, Johnson argues that she is entitled to a new trial based on what she characterizes as prejudicial errors in the jury instructions and verdict form. The Court reviews challenged instructions to determine whether "the instructions as a whole were sufficient to inform the jury of the applicable law," and will grant a new trial "only if an instruction so misled the jury that the deficiency prejudiced the [plaintiff]." Fox v. Hayes, 600 F.3d 819, 843 (7th Cir. 2010) (citations omitted); see also Malone v. Reliastar Life Ins. Co., 558 F.3d 683, 689 (7th Cir. 2009) ("An erroneous jury instruction is not prejudicial unless, 'considering the instructions as a whole, along with all of the evidence and arguments, the jury was misinformed about the applicable law.'" (quoting Susan Wakeen Doll Co. v. Ashton-Drake Galleries, 272 F.3d 441, 452 (7th Cir. 2001))). "There is no idealized set of perfect jury instructions, but the instructions must be correct statements of law and supported by the evidence." Hefferman v. Bd. of Trs. of Ill. Cmty.

---

[6] In her reply, Johnson argues that the Court expressed bias when it sustained the General Board's objection to her testimony in narrative format. Because this argument is raised for the first time in the reply brief, it is waived. Mendez, 646 F.3d at 423-24. In any event, the denial of a *pro se* plaintiff's request to testify in narrative format is "well within the proper exercise of the judge's discretion." Hutter N. Trust v. Door Cnty. Chamber of Commerce, 467 F.2d 1075, 1078 (7th Cir. 1972).

<u>Coll. Dist. 508</u>, 310 F.3d 522, 528 (7th Cir. 2002) (internal citation and quotation omitted). The Court considers the verdict form "in light of the instructions given." <u>Happel v. Walmart Stores, Inc.</u>, 602 F.3d 820, 827 (7th Cir. 2010).

As an initial matter, Johnson failed to properly preserve her objections to the jury instructions and verdict form. Federal Rule 51(c)(1) requires the party objecting to the jury instructions to "do so on the record, stating distinctly the matter objected to and the grounds for the objection." The objection "must be specific enough that the nature of the error is brought into focus." <u>Schobert v. Ill. Dept. of Transp.</u>, 304 F.3d 725, 729 (7th Cir. 2002) (citation omitted). Moreover, the objecting party must "explain what is wrong with the proposed instruction; it is not enough simply to submit an alternative instruction." <u>Id.</u> (citation omitted). While there are no formal requirements, the district court "must be made aware of the error prior to instructing the jury, so that the judge can fix the problem before the case goes to the jury." <u>Id.</u> at 729-30 (citation omitted). A party may not state one ground when objecting at trial under Rule 51 and later attempt to rely on a different ground for the objection on a motion for a new trial. <u>Id.</u> at 730.

Johnson claims that she did not "have an opportunity to make an objection" to the General Board's proposed instructions. Pl.'s Reply 12. This cannot be so. Johnson was present in the courtroom throughout the jury instruction process. An objection is timely when made "promptly after learning that the instruction . . . will be, or has been, given." Fed. R. Civ. P. 51(c)(2)(B). By Johnson's own account, she failed to make a timely objection on the record, let alone make an objection with "sufficient specificity to apprise the district court of the legal and factual bases for any perceived defect." <u>Chestnut v. Hall</u>, 284 F.3d 816, 819 (7th Cir. 2002). Because Johnson failed to satisfy the

requirements of Rule 51, her objections to the instructions and verdict form are waived. Id. at 819-20.

In any event, Johnson fails to establish that the instructions as whole warrant a new trial. Johnson contends that the "one-sided" jury instructions failed to state the elements of retaliation and that the adverse employment action instructions "catered to the facts of the Defendant's theory of this case." Pl.'s Mem. 12-13. To the contrary, the adverse employment action instructions state the elements of retaliation, are supported by Seventh Circuit caselaw, and draw largely from the Seventh Circuit Pattern Civil Jury Instructions.

Johnson also claims that the "jury's deliberations would have taken a very different course if it had been instructed on what constitute adverse actions for retaliation claims or had been told how to determine those adverse actions." Pl.'s Reply 14. The comments to the Pattern Jury Instructions explain that, "[w]hat constitutes an 'adverse employment action' in the context of a retaliation claim is not entirely clear. The Committee does not use 'adverse action' in this instruction as a term of art, but merely as a placeholder for the specific act alleged." Seventh Circuit Pattern Jury Instruction § 3.02, cmt. d. Consistent with this guidance, and following Seventh Circuit precedent, the Court instructed the jury that "documenting an employee's behavior" and "negative performance evaluations" do not, on their own, constitute adverse employment actions in the context of retaliation. See Def.'s Proposed Jury Instruction Nos. 16, 17 (citing controlling authority). These instructions were not in error. As a whole, the instructions and the verdict form accurately state the law. Furthermore, even if the instructions were in error, a new trial is unnecessary because Johnson fails to establish that the instructions misled the jury or

changed the outcome of the trial. See Fox, 600 F.3d at 843; see also Prod. Specialties

Grp., Inc., 513 F.3d at 700 (finding that, despite erroneous instruction, the movant "has

not met its burden of establishing that the error affected substantial rights, i.e., that the

outcome probably would have been different without the error") (quotation omitted).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied.

IT IS SO ORDERED.

ENTER:

2-23-12

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: February 23, 2012